IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 28, 2012

## MICHAEL RAINES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Polk County**
**No. 10-164    Carroll L. Ross, Judge**

_____

**No. E2011-02117-CCA-R3-PC - Filed September 5, 2012**
_____

The Petitioner, Michael Raines, pro se, appeals the Polk County Criminal Court's summary dismissal of his petition for post-conviction relief from his conviction for second degree murder and resulting twenty-three-year sentence. On appeal, the Petitioner contends that the trial court erred in concluding that his petition was barred by the Post-Conviction Procedure Act. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL, and CAMILLE R. MCMULLEN, JJ., joined.

Michael Raines, Pikeville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; and Robert Steven Bebb, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner was convicted by a Polk County Criminal Court jury of second degree murder, and this court affirmed the conviction and twenty-two-year sentence. See State v. Michael Raines, E2001-00996-CCA-R3-CD, Polk County (Tenn. Crim. App. Apr. 17, 2002), perm. app. denied (Tenn. Sept. 30, 2002). The Petitioner sought post-conviction relief and the trial court granted him a new trial. See State v. Michael Raines, E2007-00840-CCA-R3-CD, Polk County, slip op. at 1 (Tenn. Crim. App. May 21, 2008), perm. app. denied (Tenn. Aug. 25, 2010). The Petitioner was convicted of second degree murder at the second trial

and sentenced to twenty-three years' confinement.  Id.  This court affirmed his conviction and sentence on appeal.  Id.

On December 6, 2010, the Petitioner filed a petition for post-conviction relief contending that he did not receive the effective assistance of counsel during the second trial. The trial court summarily dismissed the petition, finding that the Petitioner had filed a previous post-conviction petition on May 21, 2009, which claimed only that the Petitioner was denied second-tier review and was entitled to a delayed appeal.  The court stated in its March 31, 2011 order that appointed counsel during the first post-conviction proceeding filed an affidavit stating the following:

> I have discussed other possible grounds with the petitioner.  I have raised all non-frivolous constitutional grounds warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law which petitioner has. I am aware that any ground not raised shall be forever barred by application of Tenn. Code Ann. 40-30-206(g), and have explained this to petitioner.

The court found that a delayed appeal was granted on March 23, 2010, and that our supreme court "affirmed" the Petitioner's conviction on August 25, 2010.  The court dismissed the present petition because it concluded it was the Petitioner's second.

Less than one month after the trial court entered its order dismissing the petition, the Petitioner wrote to the court stating that he received the court's "letter" informing him that appointed counsel had filed a post-conviction petition one year earlier.  The Petitioner denied any knowledge of the first petition and detailed his failed attempts to contact appointed counsel.  The Petitioner stated that he only desired a sentence reduction and that he did not think he would have been convicted had the jury known the length of his sentence.  The record contains an April 28, 2011 order stating that the Petitioner requested a reduction in his sentence, that the Petitioner's second post-conviction petition was dismissed on March 31, 2011, and that the trial court had no jurisdiction or authority to reduce the Petitioner's sentence.  This appeal followed.

The Petitioner contends that the trial court erred in dismissing his petition for post-conviction relief and argues that his petition was filed within one year of the supreme court's denying his request for permission to appeal pursuant to Tennessee Code Annotated section 40-30-102.  He does not address the trial court's finding that the present petition for relief was his second.  The State contends that the trial court properly dismissed the petition

because only one petition may be filed attacking a single judgment. We agree with the State.

The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001). The Act "contemplates" only one petition for relief, and a petitioner may not file more than one petition "attacking a single judgment." T.C.A. § 40-30-102(c). If a previous petition is resolved on the merits by a court of competent jurisdiction, a "subsequent petition shall be summarily dismissed." Id. A petitioner may move to reopen the first post-conviction petition only if the motion is based (1) on a constitutional right that was not recognized at the time of the trial, (2) on new scientific evidence establishing the petitioner's innocence, or (3) on a sentence enhanced because a previous conviction was found to be invalid. Id. 40-30-117(a)(1)-(3).

This case reflects a result that occurs when a post-conviction petition attacks only the failure to appeal. Once done, and the appeal is unsuccessful, no procedure exists to raise claims about the trial court proceedings in the convicting trial after the delayed appeal is concluded.

The trial court dismissed the Petitioner's post-conviction petition because the Petitioner filed a previous petition approximately two years earlier. The trial court found that after the Petitioner was convicted of second degree murder at the second trial, the Petitioner filed a petition for post-conviction relief on May 21, 2009, claiming that he was denied second-tier review and entitled to a delayed appeal. The Petitioner does not address this finding in his brief, and nothing reflects that the Petitioner's current petition could serve as the basis to reopen the previous petition for post-conviction relief. We conclude that the evidence in the record does not preponderate against the trial court's findings. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE